UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>JOSE DE JESUS GARAY-GONZALEZ,<br><br>   Defendant. | Case No. 1:16-cr-00225-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

Pending before the Court is Defendant Jose De Jesus Garay-Gonzalez's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. 135. The Government has filed an opposition to Garay-Gonzalez's Motion. Dkt. 138. Garay-Gonzalez filed a reply, but in Spanish. Dkt 139. The Court wrote Garay-Gonzalez a letter (in English and Spanish) requesting that he resubmit the reply in English by June 2, 2021. Dkt. 141. To date, Garay-Gonzalez has not re-filed anything with the Court. The matter is ripe for the Court's consideration.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES the Motion.

## II. BACKGROUND

On September 14, 2016, the Government charged Garay-Gonzalez with one count of conspiracy to distribute methamphetamine, two counts of distribution of methamphetamine, and one count of possession with intent to distribute methamphetamine. Dkt. 6. In March 2017, Garay-Gonzalez pled guilty to count one of the Indictment and was set for sentencing. Dkt. 58. The Court sentenced Garay-Gonzalez to a term of 210 months' imprisonment with five years of supervised release to follow. Dkt. 87. Though Garay-Gonzalez appealed his sentence, the Ninth Circuit ruled that the Court did not abuse its discretion when it sentenced him to 210 months in light of the 18 U.S.C. 3553(a) factors present in this case. Dkt. 130. As of June 2021, Garay-Gonzalez has served approximately 58 months of his 210-month sentence, which is approximately 27% of his sentence. Garay-Gonzalez is currently incarcerated at Federal Correctional Institution Allenwood ("FCI Allenwood") in Pennsylvania. Dkt. 135.

On March 12, 2021, Garay-Gonzalez submitted a request to the Court requesting Compassionate Release/Reduction in Sentence due to COVID-19 and family circumstances. Dkt. 135.[1] It appears that Garay-Gonzalez requested compassionate release from the Bureau of Prisons ("BOP") with respect to his family circumstances, but that he never requested compassionate release from the BOP based on any purported COVID-19 apprehension. Dkt. 138-2. Garay-Gonzalez's present motion appears to be the first time he

---

[1] While the sentencing Judge—in this case, Judge Edward J. Lodge—usually decides any post-sentencing motions, this case was reassigned to the undersigned Judge due to Judge Lodge taking inactive status.

mentions any concern over contracting COVID-19. Dkt 135.

### III. LEGAL STANDARD

Garay-Gonzalez seeks compassionate release under the First Step Act ("FSA"), newly amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances.[2] In order to grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission.[3] *Id*. If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

### IV. DISCUSSION

**A. Exhaustion of Administrative Remedies**

The FSA allows a motion for modification to be made by either the Director of the

---

[2] "Prior to the passage of the FSA, only the Director of the Bureau of Prisons . . . could file a motion for compassionate release, and that very rarely happened." *United States v. Shields*, 2019 WL 2359231, at *1 (N.D. Cal. June 4, 2019) (quoting *United States v. Gutierrez*, 2019 WL 1472320, at *1 (D.N.M. Apr. 3, 2019). The FSA amended 18 U.S.C. § 3582(c)(1)(A) to permit modification of a term of imprisonment upon motion of the Director of the BOP or upon motion of the defendant after the defendant has exhausted his/her administrative rights. FSA, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

[3] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). In addition, "[e]xhaustion occurs when the BOP denies a defendant's [motion for compassionate release]." *United States v. Mondaca*, No. 89-cr-0655 DMS, 2020 WL 1029024, at *2 (S.D. Cal. March 3, 2020).

Garay-Gonzalez submitted an initial request for Compassionate Release to the Warden at FCI Allenwood on December 15, 2020, and his request was denied on January 11, 2021. Dkt. 135-2. Garay-Gonzalez appears to have filed a subsequent request on February 12, 2021, which was also denied. *Id.* Because Garay-Gonzalez's present motion was filed after his request to the Warden was denied, the Court finds that he has exhausted his administrative remedies with respect to the family-circumstance portion of his Motion. Because Garay-Gonzalez did not request compassionate release from the Warden based on COVID-19, the Court finds that he has not exhausted his administrative remedies with respect to that portion of his Motion. Nonetheless, the Court will address both portion's of Garay-Gonzalez's Motion.

### B. Extraordinary and Compelling Reasons

Having determined that Garay-Gonzalez has exhausted his administrative remedies, at least in respect to a portion of his Motion, the Court must next consider whether "extraordinary and compelling reasons" warrant a permanent reduction in Garay-Gonzalez's sentence, and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Garay-

Gonzalez bears the burden of establishing that compelling and extraordinary reasons exist to justify compassionate release. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. Apr. 6, 2020).

Before passage of the FSA, the Sentencing Commission limited "extraordinary and compelling reasons" to four scenarios: (A) medical conditions of the defendant; (B) age of the defendant; (C) certain family circumstances; and (D) as determined by the Director of the BOP, other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. U.S.S.G. § 1B1.13 Application Note 1.

However, the Sentencing Commission "never harmonized its policy statements with the FSA." *Rodriguez*, 424 F. Supp. 3d at 680 (quoting *United States v. Brown*, 411 F. Supp. 3d 446, 449 (S.D. Iowa 2019)). "Rather, the outdated policy statements still assume compassionate release 'may be granted only upon motion by the Director of the Bureau of Prisons.'" *Brown*, 411 F. Supp. 3d at 449 (quoting U.S.S.G. § 1B1.13 Application Note 1). Because this is no longer the law with the FSA, which allows defendants to seek relief directly from the court, this "leaves district courts in a conundrum." *Id*. (explaining that Congress now allows district courts to grant petitions "consistent with the applicable policy statements" from the Sentencing Commission, although the Sentencing Commission "has not made the policy statements for the old regime applicable to the new one").

A growing number of district courts have concluded that, in the absence of applicable policy statements, courts "can determine whether any extraordinary and compelling reasons other than those delineated in [U.S.S.G. § 1B1.13] warrant

compassionate release." *Rodriguez*, 411 F. Supp. 3d at 682 (collecting cases). However, other courts have concluded "a judge may not stray beyond the specific instances listed in [U.S.S.G. § 1B1.13]." *Mondaca*, 2020 WL 1029024, at *3 (citations omitted); *see also United States v. Ebbers*, 432 F. Supp. 3d 421, 427 (S.D.N.Y. 2020) (stating U.S.S.G. § 1B1.13's descriptions of extraordinary and compelling reasons "remain current, even if references to the identity of the moving party are not").

The Court need not decide the issue, however, because Garay-Gonzalez suggests one of the specific scenarios set out in the Sentencing Commission's policy statement applies in this case. *Brown*, 411 F. Supp. 3d at 451 (district courts "still must act in harmony with any sentencing policy guidelines that remain applicable and the § 3553(a) factors"). Garay-Gonzalez argues that the threat of contracting COVID-19 constitutes an extraordinary and compelling circumstance necessitating compassionate release under the "medical condition" scenario in subdivision (A) of U.S.S.G. 1B1.13, Application Note 1.[4]

---

[4] The "medical condition of the defendant" may constitute an extraordinary and compelling reason for release where:

    (A)    Medical Condition of the Defendant.—

    (i)    The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii)    The defendant is—

    (I)    suffering from a serious physical or medical condition,

Dkt. 135. Additionally, Garay-Gonzalez asserts that his family circumstances constitute an extraordinary and compelling circumstance under subdivision (C) of U.S.S.G. 1B1.13, Application Note 1.[5] *Id.*

1. COVID-19

As an initial matter, Garay-Gonzalez is under 40 and does not allege any underlying medical conditions that would place him at a higher risk of contracting a severe form of COVID-19. What's more, a generalized concern for the possibility of contracting COVID-19 does not, on its own, meet extraordinary and compelling criteria. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). The Court acknowledges that FCI Allenwood has endured a significant COVID-19 outbreak. However, it is also aware that over 1,000 inmates have already been vaccinated at FCI Allenwood and that continuing vaccination efforts are underway.

---

(II)   suffering from a serious functional or cognitive impairment, or

(III)  experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, Application Note 1(A).

[5] The "family circumstances of the defendant" may constitute an extraordinary and compelling reason for release where:

(C) Family Circumstances of the Defendant—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner

U.S.S.G. § 1B1.13, Application Note 1(C).

MEMORANDUM DECISION AND ORDER - 7

Moreover, there is no evidence to suggest that Garay-Gonzalez would be at less risk to contract the virus if he were released. Multiple courts have denied compassionate release to prisoners, even those with high-risk medical conditions, because many of them would likely be less-exposed to the pandemic by remaining at the prison. *See United States v. Singui*, 2020 WL 2523114, at *4 (C.D. Cal. May 12, 2020) (denying compassionate release to inmate with diabetes, high blood pressure, and high cholesterol; observing that "there is little evidence that [the defendant] is presently at greater risk of contracting the virus at MDC than in the general population: MDC has no current reported infections, inmates at MDC are housed in separate units, and the staff at MDC has undertaken a variety of interventions [] to prevent the virus from reaching and spreading within the prison"); *United States v. Hembry*, 2020 WL 1821930, at *2 (N.D. Cal. Apr. 10, 2020) (denying motion for inmate with diabetes based on COVID-19 risks where, *inter alia*, the incarcerated movant was "housed at a facility with no reported infections"). Indeed, as of June 7, 2021, FCI Allenwood has reported zero active cases among inmates or staff.[6] As such, the Court cannot agree that the threat of contracting COVID-19 presents an extraordinary and compelling circumstance that warrants compassionate release in this case.

2. *Family Circumstances*

Garay-Gonzalez asserts that his parents are 80 years old, live in rural Mexico, and lack

---

[6] Federal Bureau of Prisons, COVID-19 Information, available at https://www.bop.gov/coronavirus/ (last accessed June 7, 2021).

access to basic healthcare and services. Dkt. 135. In his motion, Garay-Gonzalez concedes that his parents do have other children, but that they reside in the United States. His Presentence Investigation Report ("PSR") tells a different story. According to the PSR, Garay-Gonzalez's parents divorced when he was 16. Dkt. 71. His mother resides in Arkansas and his father resides in Mexico. *Id.* Additionally, it appears that at the time the PSR was drafted, Garay-Gonzalez was one of eleven siblings, several of whom still lived in Mexico. *Id.*

Even if the facts alleged in Garay-Gonzalez's Motion are true, they do not constitute extraordinary and compelling reasons for compassionate release. Simply put, Garay-Gonzalez does not allege facts that entitle him to relief under U.S.S.G. § 1B1.13, Application Note 1(C), which provides that only (1) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children," or (2) "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner," qualifies as extraordinary and compelling circumstances under the "family circumstances" prong. While wanting to care for one's elderly parents is admirable, it does not fall within the scope of either prong of the rule. Indeed, courts have consistently denied relief in similar circumstances. *See United States v. Goldberg,* Criminal Action No. 12-180 (BAH), 2020 WL 1853298, at *4 (D.D.C. Apr. 13, 2020) ("While certainly admirable, a desire to help care for one's elderly parents does not qualify as an 'extraordinary and compelling reason' for release under U.S.S.G. § 1B1.13, nor, therefore, under 18 U.S.C. § 3582(c)(1)(A)(i)."); *United States v. Ingram,* No. 2:14- cr-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) (need to care for 93-year

old mother in hospice was not an extraordinary and compelling reason for compassionate release as "many, if not all inmates, have aging and sick parents").

Finally, the Government argues that the 18 U.S.C. § 3553(a) factors weigh against release Garay-Gonzalez's.[7] Dkt. 47. The Court agrees. Garay-Gonzalez repeatedly trafficked large quantities of methamphetamine, demonstrating disrespect for the law and a threat to public safety. Furthermore, he has served well under half of his sentence, and releasing him now would not "afford adequate deterrence to criminal conduct."

In sum, the Court finds that Garay-Gonzalez has exhausted his administrative remedies with respect to at least part of his motion. However, Garay-Gonzalez has failed to demonstrate an "extraordinary and compelling reason" for his release (under both his "Covid-19 health" theory and his "family circumstances" theory), and has failed to show that such a reduction in his sentence is consistent with the goals of the 18 U.S.C. § 3553(a) sentencing factors. Weighing all relevant factors, the Court cannot depart from its prior

---

[7] Factors To Be Considered in Imposing a Sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—[. . .]

    (2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a).

sentence and release Garay-Gonzalez at this time. Accordingly, the Court must DENY Garay-Gonzalez's motion.

## V. ORDER

The Court HEREBY ORDERS:

1. Garay-Gonzalez's Motion for Compassionate Release (Dkt. 135) is DENIED.

DATED: June 21, 2021

_____
David C. Nye
Chief U.S. District Court Judge