UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>v.<br><br>JOSE DE JESUS GARAY-GONZALEZ,<br><br>        Defendant. | Case No. 1:16-cr-00225-DCN-1<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Jose De Jesus Garay-Gonzalez's Motion for Compassionate Release (Dkt. 149), Motion to Appoint Counsel (Dkt. 150), and Motion to Reduce Sentence (Dkt. 152). The Government opposes the motions to reduce sentence and for compassionate release. Dkt. 153.

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[1] Upon review, and for the reasons set forth below, the Court DENIES each of Garay-Gonzalez's motions.

## II. BACKGROUND

On September 14, 2016, the Government charged Garay-Gonzalez with one count

---

[1] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").

MEMORANDUM DECISION AND ORDER - 1

of conspiracy to distribute methamphetamine, two counts of distribution of methamphetamine, and one count of possession with intent to distribute methamphetamine. Dkt. 6. On March 7, 2017, Garay-Gonzalez pled guilty to Count One of the Indictment. Dkt. 58. The Court subsequently sentenced Garay-Gonzalez to a term of 210 months of imprisonment, followed by five years of supervised release. Dkt. 87. Though Garay-Gonzalez appealed his sentence, the Ninth Circuit ruled that the Court did not abuse its discretion when it sentenced him to 210 months considering the 18 U.S.C. 3553(a) factors present in this case. Dkt. 130. As of December 2024, Garay-Gonzalez has served approximately 99 months of his 210-month sentence, representing roughly 47% of his total sentence. He is currently incarcerated at the Federal Correctional Institution Oxford ("FCI Oxford") in Wisconsin and has an anticipated release date of August 29, 2031.

On March 12, 2021, Garay-Gonzalez submitted a request to the Court requesting Compassionate Release/Reduction in Sentence due to COVID-19 and family circumstances. Dkt. 135. The Court denied the request for failure to demonstrate "extraordinary and compelling reasons" warranting release, and failure to show that a reduction in sentence was consistent with the goals of 18 U.S.C. §3553(a)'s sentencing factors. Dkt. 142, at 10.

On December 15, 2022, Garay-Gonzalez filed a second motion for compassionate release, again citing COVID-19 concerns—this time due to his high blood pressure and former smoker status. Dkt. 143. The Court again denied the request for failure to demonstrate "extraordinary and compelling reasons," as he was "not uniquely susceptible to developing serious symptoms or side effects from a COVID infection." Dkt. 147.

MEMORANDUM DECISION AND ORDER - 2

Garay-Gonzalez now brings two separate motions seeking relief and one procedural motion. First, he requests compassionate release due to "family circumstances" pursuant to USSG § 1B1.13(b)(3)(C). Dkt. 149. Second, he filed a motion for modification of sentence under 18 U.S.C. § 3582(c)(2). Dkt. 151. Additionally, Garay-Gonzalez has filed a separate motion for appointment of counsel pursuant to 18 U.S.C. § 3006A of the Criminal Justice Act ("CJA"). Dkt. 150.

### III. LEGAL STANDARD

**A. Motion for Compassionate Release (Dkt. 149)**

Garay-Gonzalez seeks compassionate release due to "family circumstances" pursuant to USSG § 1B1.13(b)(3)(C), which allows a court to modify a sentence under certain circumstances. In order to grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission.[2] *Id*. If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

---

[2] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

The policy statements at U.S.S.G. § 1B1.13 state that "extraordinary and compelling reasons" include: (1) a defendant's serious medical condition; (2) a defendant's age combined with serious deterioration in physical or mental health due to the aging process; (3) a defendant's family circumstances where the defendant becomes the only available caregiver for a close relative; (4) a defendant's suffering abuse by an employee or contractor of the Bureau of Prisons (the "BOP"); (5) the defendant's subjection to an unusually long sentence where the defendant has already served at least ten years of the sentence; or (6) any other circumstance or combination of circumstances of similar gravity. *Id.* at § 1B1.13(b). The statements also assert that, before a sentence may be reduced, the Court must find that the defendant is not a danger to the safety of any other person or to the community. *Id.* at § 1B1.13(a)(2).

Until recent amendments, U.S.S.G. § 1B1.13 addressed only motions brought by the Director of the BOP—and not those brought by defendants individually. *See United States v. Aruda*, 993 F.3d 797, 801–02 (9th Cir. 2021). To be sure, district courts were free to consult the statements as persuasive authority, but the Ninth Circuit made clear that the statements were not binding. *Id.* at 802. However, under recent amendments, U.S.S.G. § 1B1.13 expressly applies to motions brought by the BOP Director *and* to those brought by individual defendants. U.S.S.G. § 1B1.13(a). Along with its sister district courts in the Ninth Circuit, the Court understands these amendments to resolve the discrepancy highlighted in *Aruda* and to make U.S.S.G § 1B1.13 binding. *See United States v. Brugnara*, 2024 WL 332867, at *2 (N.D. Cal. Jan. 28, 2024); *United States v. Garcia Nava*, 2024 WL 221439, at *2 (S.D. Cal. Jan. 19, 2024); *United States v. Cunningham*, 2024 WL

50908 (D. Mont. Jan. 4, 2024); *United States v. Brown*, 2023 WL 8650290, at *3 (W.D. Wash. Dec. 14, 2023).

In any event, the catch-all clause at U.S.S.G. § 1B1.13(b)(5) affords the Court significant leeway in defining precisely what qualifies as an extraordinary and compelling reason.

**B. Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) (Dkt. 152)**

Under 18 U.S.C. 3582(c)(2), a court may modify a term of imprisonment if the Sentencing Guidelines have subsequently lowered the defendant's sentencing range, the reduction is consistent with the applicable policy statements, and the court considers factors set forth in 18 U.S.C. 3553(a). In determining whether a sentence reduction is warranted, the court must calculate the amended guideline range that would have been applied had the amendment been in effect at the time of sentencing. *See* U.S.S.G. § 1B1.10(b)(1).

A defendant's potential sentence reduction is strictly limited to the low end of the new applicable guideline range, except where the defendant previously received a below-guideline sentence based on the substantial assistance to the government. *See* U.S.S.G. § 1B1.10, comment n.1(B)(iii).

Amendment 821 to the Sentencing Guidelines, enacted in Part A, modified the calculation of "status points" in the defendant's criminal history score, now codified in U.S.S.G. § 4A1.1(e). The amendment provides:

> "Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."

MEMORANDUM DECISION AND ORDER - 5

As a result of this amendment, a person who otherwise presents 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while a person who otherwise presents 6 criminal history points or fewer receives no additional status points.

On August 24, 2023, the Sentencing Commission authorized retroactive application of these amendments.

Garay-Gonzalez has moved for a sentence reduction based on these retroactive amendments. Dkt. 152. In his motion, he asserts that his sentence was partially based on the application of two status points for committing the instant offense while serving a criminal sentence.

### IV. DISCUSSION

**A. Exhaustion of Administrative Remedies**

The FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

In this Motion, Garay-Gonzalez states that he submitted a compassionate release request to the warden of FCI Oxford on December 21, 2023, which was denied on January 4, 2024. Dkt. 149, at 2. Accordingly, the Court finds Garay-Gonzalez has exhausted his administrative remedies and will continue to the next stage of its inquiry.

**B. Extraordinary and Compelling Reasons**

The Court must next consider whether "extraordinary and compelling reasons" warrant a permanent reduction in Garay-Gonzalez's sentence, and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(ii). Garay-Gonzalez bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. Apr. 6, 2020).

Garay-Gonzalez argues that due to his father's health issues and lack of a primary caregiver, extraordinary and compelling reasons exist to justify compassionate release. However, as this Court has previously ruled, the alleged facts in this case do not entitle Garay-Gonzalez to relief under U.S.S.G. § 1B1.13. Dkt. 142, at 9.[3] Under U.S.S.G. § 1B1.13, Application Note 1(C), only (1) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children," or (2) "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner," qualifies as extraordinary and compelling circumstances under the "family circumstances" prong. While wanting to care for one's father is admirable, it does not fall within the scope of either prong of the rule. *See, e.g., United States v. Crisp*, 2022 WL 3448307, at *5 (E.D. Cal. Aug. 17, 2022) ("Many inmates have aging parents with various ailments. If a sick parent—absent truly extraordinary circumstances—was considered a compelling reason, virtually any inmate seeking a

---

[3] The Court also noted that Garay-Gonzalez's father resides in Mexico near many of his eleven children. Dkt. 142, at 9.

sentence reduction on this ground could produce one."). For this reason, the Court reaffirms what it has already determined—compassionate release on this ground is unwarranted. Dkt. 142, at 9.

Even if the Garay-Gonzalez did have grounds for relief, the Court finds that the 18 U.S.C. §3553(a) factors continue to weigh against release. As reflected in the record, Garay-Gonzalez has repeatedly trafficked large quantities of methamphetamine, demonstrated a disregard for the law, and posed a continued threat to public safety. Accordingly, the Court finds the public is best protected by Garay-Gonzalez's continued incarceration at this time.

**C. Motion to Reduce Sentence pursuant to 18 U.S.C. 2582(c)(2)**

The Court Sentenced Garay-Gonzalez to 210 months of imprisonment on September 21, 2017. Dkt. 87. This sentence was based on the Presentence Investigation Report (PSR) prepared by U.S. Probation, which calculated Garay-Gonzalez's sentencing guideline range as 210 to 262 months, based on a total offense level of 35 and a criminal history category of III. Dkt. 71, ¶ 57.

Garay-Gonzalez argues that his sentence was partially based on two status points for committing the instant offense while under a criminal justice sentence and that, under Amendment 821, he is now entitled to a sentence reduction. However, upon review of the PSR, the Court finds that no status points were applied in the original guideline calculation. Garay-Gonzalez's criminal history category was determined using a criminal history score of four, which did not include a two-point status enhancement. *Id*. at ¶¶ 37-40.

Because no status points were applied, Garay-Gonzalez's criminal history category

remains unchanged under the recent guideline amendments. As a result, the amendments do not 'subsequently lower [his] sentencing range' as required by 18 U.S.C. 3582(c)(2). Accordingly, the Court DENIES Garay-Gonzalez's motion for a sentence reduction.

### D. Motion to Appoint Counsel

Finally, with respect to Garay-Gonzalez's request for appointment of counsel (Dkt. 150), there is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."). Instead, the decision whether to appoint counsel in post-conviction proceedings (including requests for compassionate release) rests with the discretion of the district court. *United States v. Harrington*, 410 F.3d 598, 600 (9th Cir. 2005). In this case, the Court has reviewed the materials and does not find any circumstances warranting the appointment of Counsel. Accordingly, the Court DENIES Garay-Gonzalez's request to appoint counsel.

### V. CONCLUSION

In sum, Garay-Gonzalez has exhausted his administrative remedies. That said, he has failed to demonstrate an "extraordinary and compelling reason" for his release and has failed to show that a reduction in his sentence is consistent with the goals of the 18 U.S.C. § 3553(a) sentencing factors. Weighing all relevant factors, the Court cannot depart from its prior sentence and release Garay-Gonzalez at this time. Accordingly, the Court must DENY Garay-Gonzalez 's motions.

## VI. ORDER

The Court HEREBY ORDERS:

1. Garay-Gonzalez's Motion for Compassionate Release (Dkt. 149) is DENIED.

2. Garay-Gonzalez's Motion to Appoint Counsel (Dkt. 150) is DENIED.

3. Garay-Gonzalez's Motion to Reduce Sentence (Dkt. 152) is DENIED.

DATED: February 11, 2025

David C. Nye
Chief U.S. District Court Judge